[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16977
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00295-SLB-JEO-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK DARRELL WILLIAMS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 5, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Patrick Darrell Williams appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Williams argues that the evidence was insufficient to sustain his conviction.  He also argues that the district court abused its discretion by refusing to issue a requested jury instruction regarding the credibility of law enforcement witnesses.  We address each issue in turn.

I.

We review the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the jury's verdict.  *United States v. Martin*, 803 F.3d 581, 587 (11th Cir. 2015).  It is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted, but whether it reasonably could have found guilt beyond a reasonable doubt.  *Id.* Credibility determinations are the exclusive province of the jury, and will not be disturbed unless the testimony the jury relied on was incredible as a matter of law. *See United States v. Thompson*, 422 F.3d 1285, 1291-92 (11th Cir. 2005).  In order to be incredible as a matter of law, testimony must be unbelievable on its face, i.e., testimony as to facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature.  *Id.* at 1291.

To sustain a conviction for felon in possession of a firearm, 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt that the defendant knowingly possessed a firearm which had traveled in interstate commerce, and that defendant had been previously convicted of a felony.  18 U.S.C. § 922(g); *United States v. Gunn*, 369 F.3d 1229, 1235 (11th Cir. 2004). The possession prong may be satisfied by either showing "actual or constructive" possession.  *Gunn*, 369 F.3d 1235.  "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises or the vehicle in which the object is concealed."  *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005) (quotations omitted).

The evidence is sufficient to sustain Williams's conviction because the jury reasonably could have found beyond a reasonable doubt that he knowingly possessed the firearm.  *Martin*, 803 F.3d at 587.  The officers' testimony was not "incredible as a matter of law" because all of the facts they described—William's statements inside the house, his actions at the car, and his statements after being taken into custody—are "believable on their face" and could "have occurred under the laws of nature."  *Thompson*, 422 F.3d 1291-92.

Furthermore, sufficient evidence was presented to support the conviction of knowing possession of a firearm.  Based on Williams's inculpatory statements after being taken into custody, the jury could have reasonably inferred that he had

3

"control and dominion" over the car, and thus possession of the firearm. *Hernandez*, 433 F.3d at 1333. The jury could also have concluded that his statement referring to the firearm as "his gun" indicated he had constructively possessed the weapon because he owned it. *Id.* at 1333.

## II.

We review "the failure to give a requested jury instruction for abuse of discretion." *United States v. House*, 684 F.3d 1173, 1196 (11th Cir. 2012). A district court has only abused its discretion "where the requested instruction (1) was correct, (2) was not substantially covered by a charge actually given, and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." *Id.* (quotation omitted).

The district court did not abuse its discretion in denying the requested jury instruction because it was substantially covered by other instructions. *House*, 684 F.3d at 1196. Williams had the opportunity, both through cross-examination and by presenting his own witness, to bring into doubt the credibility of the officers' testimony. Furthermore, the jury instruction that was given regarding credibility sufficiently covers the issues of bias, forcing jurors to "decide whether [they] believe[d] what each witness had to say" and noting that they could "believe or disbelieve **any witness** in whole or in part." Because the requested jury instruction

4

was substantially covered by other instructions, the district court did not abuse its discretion in refusing to grant it. Accordingly, we affirm.

**AFFIRMED.**